## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **ROBERT SEGAL** | ) |
| **11703 Dewey Road** | ) |
| **Silver Spring, MD 20906,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.** |
| | ) |
| **HARRIS TEETER SUPERMARKETS, INC.** | ) |
| **1090 Vermont Avenue, NW** | ) |
| **Washington, DC 20005,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) **JURY TRIAL DEMANDED** |

_____

## COMPLAINT
### (Retaliation)

Pursuant to Federal Rule of Civil Procedure Rule 3, Plaintiff Robert Segal (hereafter "Plaintiff"), by his undersigned attorney, hereby files his Complaint.

## I. JURISDICTION AND VENUE

1.   This Court has jurisdiction of the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f).

2.   In or about August 2, 2014, Plaintiff filed a formal Charge of Discrimination in EEOC No. 570-2014-01240 with the EEOC and the DC Office of Human Rights.

3.   The EEOC accepted Plaintiff's formal Charge of Discrimination as timely.

4.   Defendant was duly notified about Plaintiff's administrative complaints and was given an opportunity to respond to her allegations.

5.   On June 8, 2015, the EEOC issued Plaintiff a Notice of Right to Sue, by regular mail, which he received on June 16, 2015.

6.   This Complaint is filed within 90 days after Plaintiff received the Notice of Right to Sue on her EEOC complaint.

7.   Plaintiff has exhausted the administrative remedies available to him under 42 U.S.C. §§ 2000e, *et seq.*, and all conditions precedent have occurred or been performed.

8.   Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c), as Defendant Harris Teeter (hereinafter "Defendant") has extensive and deliberate contacts in this District and Division, including a business location at 1350 Potomac Avenue, SE, Washington, DC 20020, at which Plaintiff performed work during his tenure with Defendant.

## II. THE PARTIES

9.   Plaintiff is a resident of Maryland and a former employee of Defendant.

10. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b), which employs more than 500 employees.

## FACTS CENTRAL TO PLAINTIFF'S CLAIMS

11. In 2012, Plaintiff filed an EEOC complaint against Defendant alleging retaliation and discrimination based on race and age.

12. Since the 2012 filing, Plaintiff believed that Defendant further retaliated against him, which led to his termination in April 2014.

13. Defendant unfairly disciplined Complainant and did not fairly apply company policies and procedures as it pertained to him.

14. Upon information and belief, no other similarly situated employee has engaged in protected activity like Plaintiff.

15. Any reason Defendant gives for the different terms and conditions of employment and

discharge is pretext to discrimination against her due to her national origin.

16. Plaintiff has been unemployed since his termination and her resident status in the

United States in limbo.

17. On May 15, 2015, Plaintiff prevailed on his unemployment claim because

Defendant could not show that his actions constituted misconduct.

18. As a result of the Defendant's actions, Plaintiff has suffered loss of income, emotional

distress, and pecuniary damages.

## STATEMENT OF CLAIMS

### Count I:  Retaliation (Title VII)

19.  Plaintiff adopts and incorporates by reference ¶¶ 1-18 above.

20. As stated above, Plaintiff had engaged in EEOC protective activity in 2012.

21. Defendant retaliated against Plaintiff when she complained of discriminatory treatment

by Ms. Haines from a period beginning in 2009 up until her constructive termination in October

2013.

22. As a result of Defendant's violations of the Title VII retaliation clause, Plaintiff has

suffered and is suffering injuries, including loss of past, present, and future earnings and

considerable mental distress.

## IV. REMEDIES SOUGHT

23.  WHEREFORE, Plaintiff respectfully requests that the Court issue a judgment

granting her the following relief from Defendant:

      a.  A declaratory judgment that defendant discriminated against Plaintiff, as alleged

          herein;

3

b. Back pay, including without limitation other lost benefits due to Defendant's discrimination against Plaintiff;

c. Compensatory and punitive damages, pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2), 1981a(b)(3)(A), for taking these actions with malice and bad faith;

d. Prejudgment and post judgment interest on all damages, on the lost compensation and compensatory damages;

e. Reasonable attorneys' fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(k); and

f. Such other and further relief as to the Court seems just and warranted.

## VI. JURY TRIAL DEMAND

24. Plaintiff requests a jury trial on all issues of fact and damages arising herein.

Respectfully submitted,

*Edgar Ndjatou*

_____

EDGAR NDJATOU
McCree Ndjatou, PLLC
1350 Connecticut Avenue, NW, Suite 850
Washington, DC 20036
T:  (202) 618-7092
F:  (202) 370-7173
endjatou@mnlawyerspllc.com
Attorney for Plaintiff