UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT SEGAL,<br><br>               Plaintiff,<br><br>     v.<br><br>HARRIS TEETER SUPERMARKETS, INC.,<br><br>               Defendant. | Civil Action No. 15-1496 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The plaintiff, Robert Segal, brought this lawsuit against the defendant, Harris Teeter LLC,[1] alleging the defendant retaliated against him for his action in filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *See* Compl. at 3, ECF No. 1. Pending before the Court is the defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. 11, and the Plaintiff's Opposition to Defendant Harris Teeter's Motion to Dismiss and Motion to Amend Complaint ("Pl.'s Opp'n & Mot. Amend"), ECF No. 14. For the reasons set forth below, the defendant's motion is granted and the plaintiff's motion is denied.

**I.     BACKGROUND**

The facts below, taken from the Proposed Amended Complaint ("Prop. Am. Compl."), ECF No. 14-4, will be accepted as true for the purposes of the pending motions.[2] The Proposed Amended Complaint asserts claims for retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-1–2000e-17, and the Age Discrimination in

---

[1]     The defendant notes that the plaintiff incorrectly identifies Harris Teeter, LLC as "Harris Teeter Supermarkets, Inc." *See* Def.'s Mem. P. & A. Supp. Harris Teeter, LLC's Mot. Dismiss ("Def.'s Mem.") at 1 n.1, ECF No. 11. The defendant's preferred name will be used here.

[2]     The plaintiff's Proposed Amended Complaint includes factual allegations absent from the original Complaint and removes allegations involving an unrelated matter. Consequently, the Proposed Amended Complaint provides all facts relevant to the resolution of the pending motions.

1

Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634.  *See* Prop. Am. Compl. at 1, 6–7. The following factual allegations will aid in resolving both the defendant's motion to dismiss and the plaintiff's motion for leave to file the Proposed Amended Complaint.

The plaintiff, a fifty-six year-old white male, was an employee of the defendant from August 2008 until his termination in April 2015.  *Id.* ¶¶ 11–12, 28.  In 2012, the plaintiff filed an EEOC charge against the defendant alleging "discrimination based on race and age."  *Id.* ¶ 15. While only "Joseph Warren, James Smith (40s, white) and Andre Mason (non-white, 40s)" were named in the 2012 charge, the plaintiff asserts that other managers at the store—specifically, "Jahn Espana (Meat/Seafood Manager, 25, Hispanic), Joyce Owusu (Seafood Manager, 44, Black), Jaqueline Dooley (Store Manager, 40s, Black), Waymond Denson (Assistant Store Manager, late 50s, Black), Carl Witlock (Assistant Store Manager, 48), Adam Warren (Executive Store Director), and Chris Pine (District II manager)"—were aware of the 2012 EEOC complaint.  *Id.* ¶¶ 15–16.

According to the plaintiff, during the pendency of the administrative proceedings related to his EEOC charge, the defendant "retaliated against Plaintiff by failing to promote him to a full-time position."  *Id.* ¶ 17.  Specifically, the plaintiff alleges that from November 2013 to April 2014, he applied for over twenty-five positions with the defendant but received no interviews. *Id.* ¶ 18.  One of the plaintiff's managers "informed Plaintiff in March/April 2014 that he would interview him for a full-time position and never did so."  *Id.* ¶ 19.  The plaintiff followed up with the manager, who "said Plaintiff would be interviewed later that week and Plaintiff responded that somebody had already been promoted into the position and is on the schedule."  *Id.*; *see id.* ¶ 22.  From November 2013 to April 2014, a number of employees were promoted from part-time to full-time status, including three individuals whom the plaintiff describes as African-

American and in their early 20s. *Id.* ¶ 20. When the plaintiff "inquired about the status of his applications he was told he would be interviewed or that the person did not know the status and would follow up." *Id.* ¶ 21.

The plaintiff further alleges that he experienced unfair discipline during this time "for taking sick leave" and "working beyond his shift." *Id.* ¶¶ 39–40, 47–48. According to the plaintiff, his managers "unfairly disciplined Plaintiff for exceeding time and not sticking to the schedule, even though other employees of Defendant were not penalized for these infractions." *Id.* ¶ 23. The plaintiff explains that those employees were similarly situated, except that they were African-American and significantly younger than the plaintiff. *See id.* ¶ 24. The plaintiff additionally asserts that "[u]pon information and belief, no other similarly situated employee has engaged in protected activity like Plaintiff." *Id.* ¶ 29.

In May 2014, the plaintiff received a Right-to-Sue letter for his 2012 discrimination claim, which enabled him to file suit in federal court, but which he never acted upon. *Id.* ¶ 25. Shortly thereafter, however, the plaintiff "contacted the EEOC to file a charge of retaliation for Defendant treating him differently than other employees and for failing to promote him from part-time to full-time." *Id.* ¶¶ 25–26. In that charge, dated July 2014, the plaintiff checked a box indicating he had been subject to discrimination based on retaliation and alleged he had been "retaliated against to include, but not limited to, [the defendant] not selecting [him] for various, internal positions . . . , in violation of the Age Discrimination in Employment Act of 1967, as amended. . . [and] Title VII of the Civil Rights Act of 1964, as amended." Defendant's Reply in Support of Harris Teeter, LLC's Motion to Dismiss and Opposition to Plaintiff's Motion to Amend Complaint ("Def.'s Reply"), Ex. 2 at 7, ECF No. 15-2. In the present action, the plaintiff acknowledges that he was promoted in May 2014 to the position of "full-time seafood clerk" but

contends he did not receive a "pay increase of $1" promised him by two managers. Prop. Am. Compl. ¶ 27–28.  The plaintiff also alleges that in April 2015, two of the plaintiff's managers notified plaintiff of his termination "for failure to follow supervisor's instructions." *Id.* ¶ 28. The plaintiff notes that in May 2015, he succeeded in an unemployment claim because the defendant "could not show that his actions constituted misconduct." *Id.* ¶ 31.

The plaintiff received a Right-to-Sue letter in connection with his 2014 EEOC charge and filed a one-count Complaint, alleging retaliation in violation of Title VII, on September 14, 2015, *see* Compl. at 1, 3.  The defendant filed a motion to dismiss, *see* Def.'s Mot. at 1, and the plaintiff filed an opposition, as well as a motion for leave to amend the complaint, *see* Pl.'s Opp'n & Mot. Amend.  The plaintiff attached to his motion for leave to amend a Proposed Amended Complaint, which includes two counts of retaliation: one arising under Title VII and the other under the ADEA.  *See* Prop. Am. Compl. ¶ 1, 33–49.  The defendant opposes the plaintiff's motion, contending the proposed amendment would be futile, and requests that the matter be dismissed.  *See* Def.'s Reply at 2, 14, ECF No. 15.  Both of these motions are now ripe for consideration.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6) Motion to Dismiss

"A court should dismiss a complaint for failure to state a claim only if the complaint does not 'contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'"  *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). A claim is facially plausible where it sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In contrast,

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "As required by Federal Rule of Civil Procedure 8, the pleadings must give the defendants fair notice of what the claim is and the grounds upon which it rests, but the Rule does not require detailed factual allegations." *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (internal quotation marks and citations omitted).

In considering a Rule 12(b)(6) motion, the court must construe "the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). "The tenet that a court must accept as true all of the allegations contained in a complaint," however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Courts "ordinarily examine" other sources "when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

### B. Motion for Leave to File an Amended Complaint

"[T]he grant or denial of leave to amend is committed to a district court's discretion . . . ." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). While the court should freely grant leave to amend a complaint when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), it may deny a motion to amend in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A district court may deny a motion to

5

amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga,* 677 F.3d at 480; *see Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) ("With little chance of a successful Title VII claim, the district court did not abuse its discretion in concluding [the plaintiff] was not entitled to add the claim to his complaint.").

## III.   DISCUSSION

In support of its motion to dismiss and opposition to the plaintiff's motion to amend, the defendant raises two threshold arguments to bar consideration of many of the allegations in the plaintiff's Proposed Amended Complaint, contending that the plaintiff (1) improperly attempts to revive time-barred allegations of discrimination from his first EEOC charge, *see* Def.'s Reply at 6, and (2) failed to exhaust claims based on those allegations administratively, *see id.* at 8. In addition, while conceding that the plaintiff's "claim that Harris Teeter failed to promote him in retaliation for filing the 2012 [EEOC] charge" "potentially survives the exhaustion of remedies doctrine," *id.* at 11, the defendant nevertheless argues that the plaintiff's Proposed Amended Complaint fails as a matter of law to state a claim of retaliation, rendering his motion to amend futile, *see id.*[3] For his part, the plaintiff contends that the contested allegations have been

---

[3]   The defendant also contends that the plaintiff's "Complaint was filed after the ninety-day limit from the date on which he is presumed to have received the Notice of Right to Sue" for his 2014 EEOC charge. *See* Def.'s Mem. at 6. In support of this contention, the defendant asserts that "[b]y law, it is presumed that the Notice of Right to Sue was mailed on the same date of its issuance, *see Anderson v. Local 201 Reinforcing Rodmen*, 886 F. Supp. 94, 97 (D.D.C. 1995), and received three days after it was mailed." *See id.* Thus, because the EEOC issued the Notice of Right to Sue on June 8, 2015, the defendant notes that the "[p]laintiff is presumed to have received [the Notice] on Thursday, June 11, 2015," and contends his claim, filed on September 14, 2015, should therefore be considered untimely. *See id.*

Both Title VII and the ADEA require claimants to file any civil action in federal court within ninety days of the receipt of a Notice of Right to Sue, *see* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). Given that "statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Firestone,* 76 F.3d at 1209 (citing *Richards v. Mileski,* 662 F.2d 65, 73 (D.C. Cir. 1981)). Untimeliness in the filing of a retaliation complaint after receipt of an EEOC right-to-sue letter is not a jurisdictional defect and is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to

administratively exhausted because they are "like or reasonably related" to his retaliation claims, Pl's Mem. Opp'n Def. Harris Teeter's Mot. Dismiss & Mot. Amend Compl. ("Pl.'s Mem.") at 3, ECF No. 14-1, and that the amendments reflected in his Proposed Amended Complaint state a claim of retaliation and thus are not futile, *see id.* at 6–7.  Following review of the statutory framework, these contentions will be addressed *seriatim* below.

### A. Statutory Framework

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a)(1).  Under the ADEA, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" or to "adversely affect his status as an employee, because of such individual's age."  29 U.S.C. § 623(a). "Both Title VII and the ADEA prohibit the federal government from retaliating against employees who complain of employment discrimination." *Jones v. Bernanke*, 557 F.3d 670, 677 (D.C. Cir. 2009) (citing *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008) (Title VII); *Gomez–Perez v. Potter*, 553 U.S. 474, 491 (2008) (ADEA)).

"Before suing under either the ADEA or Title VII, an aggrieved party must exhaust his administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory incident," or within 300 days of the alleged unlawful employment

---

waiver, estoppel, and equitable tolling."). Here, the plaintiff attests that he "received [his] Right-to-Sue letter from the EEOC on June 16, 2015," Pl.'s Aff. Receipt EEOC Right-to-Sue Ltr. at 1, ECF No. 14-5, and has submitted an envelope bearing the EEOC's return address and marked with the handwritten note "RECEIVED 6/16/15," *see* Pl.'s Suppl. Mem. Pl.'s Opp'n Def.'s Mot. Dismiss, Ex. 1 at 1, ECF No. 16-1.  Absent any evidence otherwise, the Court concludes the plaintiff's Complaint is not "conclusively time-barred" and thus that dismissal on this ground is not warranted.  *See Firestone*, 76 F.3d at 1209.

practice if the person aggrieved has initially instituted a proceeding with a state or local agency. *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998); *see* 29 U.S.C. § 626(d)(1); 42 U.S.C. § 2000e-5(e)(1).

## B. The Plaintiff's Claims Do Not Improperly Attempt to Revive Time-Barred Allegations of Discrimination

The defendant devotes three pages of its reply to the argument that the plaintiff "improperly attempts to revive his previous allegations of race and age discrimination." Def.'s Reply at 6. In support of that argument, the defendant notes that "[t]hroughout the proposed Amended Complaint, Plaintiff alleges that he was treated differently than other Harris Teeter employees who are non-white and younger than age 40," and suggests that in doing so, the plaintiff attempts to "revive his previous claims of age and race discrimination, which expired long ago, by joining them in his current retaliation claim." *Id.* (citing Prop. Am. Compl. ¶¶ 18–24, 44–48). Indeed, the Proposed Amended Complaint does contain allegations sounding in discrimination, *i.e.*, differing treatment on the basis of a protected characteristic, rather than retaliation, *i.e.*, adverse action on the basis of a protected activity such as filing an EEOC charge. *See, e.g.,* Prop. Am. Compl. ¶ 30 ("Any reason Defendant gives for the different terms and conditions of employment and discharge is pretext to *discrimination against him due to his race and age*." (emphasis added)); *id.* ¶ 36 ("Plaintiff was treated differently than *non-white co-workers* when Defendant failed to promote him to full-time prior to 2014." (emphasis added)). According to the defendant, these allegations mirror those made in the plaintiff's first EEOC charge, and thus the plaintiff's "deadline to file suit to address those allegations was . . . September 2014." Def.'s Reply at 7. While the plaintiff had no opportunity to respond to these contentions, which appeared in the defendant's reply and opposition to the plaintiff's motion to

amend the Complaint, the plaintiff's pleadings, considered as a whole, demonstrate that the defendant is incorrect.

Although the plaintiff's Proposed Amended Complaint contains some allegations sounding in discrimination, critical portions of the plaintiff's pleadings indicate that the plaintiff brings only claims for retaliation. As noted in Part I, *supra*, the Proposed Amended Complaint enumerates two counts, one for "Retaliation (Race) (Title VII)" and one for "Retaliation (Age) (ADEA)," Prop. Am. Compl. at 6–7, and specifies that, "[u]pon information and belief, no other similarly situated employee *has engaged in protected activity* like Plaintiff," suggesting retaliation, rather than discrimination, is the basis for the plaintiff's instant action, Prop. Am. Compl. ¶ 29 (emphasis added). In this way, in spite of the language sounding in discrimination, the Proposed Amended Complaint is best read to assert only two claims for retaliation. The plaintiff's arguments in his pleadings in support of his claims are consistent with this interpretation of the Proposed Amended Complaint. In his opposition to the motion to dismiss and motion to amend the Complaint, the plaintiff notes that "[o]verall. . . Defendant's actions constitute a pattern of singling him out because of his prior protected activity," s*ee* Pl.'s Mem. at 4, indicating that the plaintiff asserts only claims for retaliation. Consequently, the defendant's contention that the plaintiff's claims are untimely is misplaced.

### C. The Plaintiff Has Exhausted Only His Claims of Retaliatory Failure to Promote

The defendant also argues that the plaintiff has not exhausted his allegations "regarding discriminatory acts of failing to increase his pay, not interviewing him for open positions, penalizing him for taking sick leave, and penalizing him for working beyond his shift," noting that these "were not addressed in the most recent charge" brought by the plaintiff before the EEOC. Def.'s Reply at 8–9. The plaintiff counters that the "additional charges in this case,

relating to Defendant's harsh application of company policy and ultimate termination . . . are reasonably related and likely to have arisen from a full administrative investigation of Plaintiff's prior claims of retaliation based on race and age in his EEOC complaint" and thus need not be separately exhausted.  Pl.'s Mem. at 4.  As noted above, the Proposed Amended Complaint is best read as bringing only claims for retaliation and, to the extent the defendant contends otherwise in its exhaustion arguments, the defendant's arguments are unavailing.  Nevertheless, the defendant is correct that considering the contentions contained in the plaintiff's 2014 EEOC charge, the plaintiff has exhausted only his claims of retaliation for failure to promote.

      The plaintiff does not contest his duty as a Title VII and ADEA claimant to exhaust his remedies with the appropriate administrative agency prior to bringing his claims in federal court.  This "administrative charge requirement serves the important purposes of giving the charged party notice of the claim and 'narrowing the issues for prompt adjudication and decision.'"  *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 n.325 (D.C. Cir. 1976)).  Accordingly, "the requirement of some specificity in a charge is not a 'mere technicality,'" and "[a] court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the . . . administrative process."  *Id.* (internal quotation marks and citation omitted).

      The plaintiff contends, however, that "[t]his court is split on exhaustion of administrative remedies for claims of retaliation related to prior administrative charges" following the Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).  Pl.'s Mem. at 3.  In that case, the Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period . . . set forth [in the statute]."  *Id.* at 122.  Prior to *Morgan*, some courts adhered to the "continuing

violation" doctrine, under which "an administrative complaint was construed to encompass all incidents that are 'like or reasonably related to the allegations contained in the charge, regardless of whether the specific incidents of discrimination had been specifically brought to the investigating agency's attention." *Mount v. Johnson*, 36 F. Supp. 3d 74, 83 (D.D.C. 2014) (quoting *Park*, 71 F.3d at 907).  The Supreme Court rejected the continuing violation doctrine, concluding instead that under the statute, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'" and thus must be separately timely exhausted.  *Morgan*, 536 U.S. at 114.  The Court took care to note, however, that "the statute [does not] bar an employee from using the prior acts as background evidence to support a timely claim."  *Id.* at 113.

*Morgan* addressed the factual scenario in which the disputed claims related to employer actions prior to the filing of the plaintiff's administrative complaint, leaving open the question whether employer actions taken *after* the filing of an administrative complaint must also be separately exhausted.  *See id.* at 114–15; *Hicklin v. McDonald*, 110 F. Supp. 3d 16, 19 (D.D.C. 2015) ("Courts in this district disagree . . . about whether plaintiffs must exhaust allegations of discrimination and retaliation that are related to prior administrative charges in light of the Supreme Court's rejection of the continuing violation doctrine.").  Since *Morgan*, the majority view in this District has been that *Morgan* requires plaintiffs to demonstrate administrative exhaustion for each discrete discriminatory or retaliatory act, while the minority view continues to use the "like or reasonably related" standard invoked by the plaintiff in this case.  *See Hicklin*, 110 F. Supp. 3d at 19–20.  While the D.C. Circuit has not yet had occasion to adopt either view as the law of this Circuit, *see Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) ("We need not decide whether *Morgan* did in fact overtake [cases applying the 'like or reasonably related to'

standard]."), "[t]his Court has followed the majority view," *see Kennedy v. Nat'l R.R. Passenger Corp.*, 139 F. Supp. 3d 48, 59 (D.D.C. 2015) (Howell, J.) (citing *Smith v. Lynch*, 115 F. Supp. 3d 5, 20 (D.D.C. 2015) (Howell, J.) (noting prior holding "conforming to the majority view" and "requir[ing plaintiff] to exhaust her administrative remedies as to post-[EEOC complaint] incidents")). Accordingly, this Court will apply the majority view and require that discrete acts of discrimination or retaliation be exhausted separately, regardless of whether they reasonably relate to an already-filed EEOC charge.

In his 2014 EEOC charge, the plaintiff alleged retaliation "to include, but not limited to, [the defendant] not selecting [him] for various, internal positions." Def.'s Reply, Ex. 2 at 7. By contrast, in the Proposed Amended Complaint, the plaintiff alleges he was retaliated against "when Defendant failed to promote him to full-time prior to 2014"; "when Defendant failed to give Plaintiff an increase in pay when moved from part to full-time work"; "when [the plaintiff] was not interviewed for positions for which he applied"; "when [the plaintiff] was penalized for taking sick leave"; and "when [the plaintiff] was penalized for working beyond his shift." Prop. Am. Compl. ¶¶ 36–40, 44–48. In his supporting memorandum, the plaintiff further contends that his "ultimate termination" is "reasonably related" to "Plaintiff's prior claims of retaliation." Pl.'s Mem. at 4. Heeding the D.C. Circuit's admonition against liberally construing administrative charges, *see Park*, 71 F.3d at 907, the 2014 EEOC charge must be given its plain meaning, which encompasses only the plaintiff's non-selection for internal positions, and thus does not include the plaintiff's allegations regarding the lack of an increase in pay, penalties for taking sick leave and working beyond his shift, and ultimate termination. Consequently, the plaintiff's only viable claims consist of two counts of retaliatory failure to promote.[4]

---

[4] While the plaintiff's allegations regarding the defendant's failure to interview him may not at first seem to be encompassed by the 2014 EEOC charge's allegations regarding non-selection, the D.C. Circuit has acknowledged

Nevertheless, under *Morgan*, prior acts that could not on their own support a timely claim may be used as "background evidence in support of a timely claim." *Morgan*, 536 U.S. at 112; *see also Khan v. Holder*, 37 F. Supp. 3d 213, 224 (D.D.C. 2014) (concluding that "each incident described in plaintiff's EEO complaints, even if not actionable in and of itself, may be considered as evidence of defendant's alleged discrimination and/or retaliation, providing context for the incidents that were the subject of timely EEO complaints"); *Ellison v. Napolitano*, 901 F. Supp. 2d 118, 128 (D.D.C. 2012) (Howell, J.) (concluding that employee could use prior, unexhausted discrimination claims as background evidence in support of a timely claim). Accordingly, the plaintiff's allegations of unfair treatment and termination may be considered as background evidence supporting the plaintiff's timely claims of retaliation for failure to promote.

### D. The Plaintiff Fails to State a Claim of Retaliation for Failure to Promote

To prevail on a claim of unlawful retaliation under either Title VII or the ADEA, a plaintiff must make a *prima facie* showing that "she engaged in activity protected by Title VII, the employer took adverse action against her, and the employer took that action because of the employee's protected conduct." *Walker v. Johnson*, 798 F.3d 1085, 1091–92 (D.C. Cir. 2015) (citing *Hamilton v. Geithner*, 666 F.3d 1344, 1357 (D.C. Cir. 2012)); *see Doak v. Johnson*, 798 F.3d 1096, 1107 (D.C. Cir. 2015) ("To establish a *prima facie* case of retaliation based on circumstantial evidence, a plaintiff must show that (i) she engaged in statutorily protected activity; (ii) she suffered a materially adverse action by her employer; and (iii) a causal link connects the two." (internal quotation marks omitted) (quoting *Solomon v. Vilsack*, 763 F.3d 1,

---

that failure to interview may in some cases be equivalent to a failure to promote. *See Cones v. Shalala*, 199 F.3d 512, 521 (D.C. Cir. 2000) (interpreting adverse action as one of failure to promote where "the crux of [the employee's] complaint is that refusing to allow him to compete for the promotion was tantamount to refusing to promote him"). Accordingly, the following section assesses the viability of the plaintiff's claims of failure to promote through failure to interview him for and promote him to internal positions.

14 (D.C. Cir. 2014))); *see also Achagzai v. Broadcasting Bd. of Govs.*, 170 F. Supp. 3d 164, 185 (D.D.C. 2016) (citing both Title VII and ADEA authorities applying this test). In most circumstances, "[a]t the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case." *Brady v. Off. of Sargeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002)). Where, as here, however, "the defendant does not assert [a] legitimate, nondiscriminatory reason for the decision," "it still matters whether the employee made out a prima facie case." *Id.* at 494 n.2.

The defendant urges dismissal of the Complaint and denial of the plaintiff's motion to amend on the ground that the plaintiff has failed to plead facts establishing the second or third elements of a retaliation claim. *See* Def.'s Reply at 12. Specifically, the defendant asserts that the Proposed Amended Complaint "fails to adequately assert facts showing that [the plaintiff] was subjected to an adverse employment action or that any action taken against him was causally related to his 2012 charge." *Id.* These assertions will be addressed in turn.

### 1. *The Plaintiff Has Pleaded a Materially Adverse Action*

With respect to whether the plaintiff has properly pleaded a materially adverse employment action, the defendant argues that the plaintiff could not demonstrate that he "suffered a materially adverse employment action because he admits that he actually received a promotion from a part-time produce clerk to a full-time seafood clerk in May 2014" and such "[a] promotion to a full-time position . . . cannot constitute an adverse employment action." *Id.* In his Proposed Amended Complaint, the plaintiff acknowledges that he was "promot[ed] . . . in May 2014 to full-time seafood clerk," Prop. Am. Compl. ¶ 27, but maintains, in essence, that the defendant delayed the plaintiff's promotion in retaliation for his EEOC complaint, *see id.* ¶¶ 36,

44 ("Plaintiff was treated differently . . . when Defendant failed to promote him to full-time prior to 2014."); *id.* ¶¶ 38, 46 ("Plaintiff was treated differently . . . when he was not interviewed for positions for which he applied.").  The plaintiff has the better of the argument.

In the context of a retaliation claim, an employment action is materially adverse if "it might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted).  "There is no question that failure to promote is an 'adverse action' for purposes of the prima facie case." *Stella v. Mineta*, 284 F.3d 135, 146 (D.C. Cir. 2002) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).  The D.C. Circuit has held, however, that "[a]n employer may cure an adverse employment action . . . before that action is the subject of litigation." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003).  While the defendant does not cite *Taylor*, that case offers some support for the defendant's contention that the plaintiff's ultimate promotion cannot constitute an adverse action.  *See id.* at 446–47 (citing cases indicating no adverse action where the plaintiff eventually received the promotion sought).

Yet, the D.C. Circuit's analysis in *Taylor* reveals that to "cure" an adverse employment action, an employer must "completely undo the effects of the alleged adverse action." *Andrades v. Holder*, 939 F. Supp. 2d 11, 17 (D.D.C. 2013) (discussing *Taylor*).  Citing a number of cases to support its holding that an adverse employment action may be cured, the D.C. Circuit emphasized language stating that any such cure must "put[] the plaintiff in the same position she would have been in absent" the adverse employment action, *Taylor*, 350 F.3d at 446 (quoting *White v. Burlington N. & Santa Fe Ry. Co.*, 310 F.3d 443, 452 (6th Cir. 2002)), and explaining that a court was not required to "address whether a mere delay in promotion constitutes an adverse employment action because [the plaintiff] received the promotion with retroactive pay

15

and seniority," *id.* (quoting *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)). In that discussion, the D.C. Circuit also cited an Eleventh Circuit case noting that "when an employee loses pay or an employment benefit from a delayed promotion, courts have held that the employment action is not adverse only when the action is rescinded and backpay is awarded." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir. 2001). In this case, neither the plaintiff nor the defendant has alleged that the plaintiff was awarded backpay for the period during which he applied for a promotion but did not receive one, suggesting the plaintiff is *not* in the position he would have been had his promotion occurred earlier. Consequently, the plaintiff has pleaded facts establishing a materially adverse action for purposes of a *prima facie* case of retaliation.

### 2. *The Plaintiff Has Not Pleaded Causality*

With respect to whether the plaintiff has properly pleaded causality, the defendant contends that the plaintiff "offers no facts showing that any of the ways in which he was allegedly treated differently than other associates was due to his filing a previous charge with the EEOC." Def.'s Reply at 13. According to the defendant, "[w]hile Plaintiff alleges a variety of store and department managers were aware of his 2012 charge, he does not offer any evidence of an adverse action that occurred soon thereafter." *Id.* (citation omitted). In the Proposed Amended Complaint, the plaintiff notes that "[i]n 2012, Plaintiff filed an EEOC charge of discrimination against Defendant alleging discrimination based on race and age," which charge named certain managers explicitly and of which "[m]anagers at the store, district, and regional level . . . were aware," and that during the period from November 2013 to April 2014, the plaintiff applied for full-time positions but was not promoted, while other individuals were

promoted. Prop. Am. Compl. ¶¶ 15–16, 18, 20. The 2012 EEOC charge reflects a date of August 20, 2012. Def.'s Reply, Ex. 1 at 2.

To demonstrate causality in the Title VII and ADEA contexts, "traditional principles of but-for causation" apply, and the plaintiff must show "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). "The causal connection component of the prima facie case may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." *Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985); *see also Walker*, 798 F.3d at 1092 ("The temporal proximity between an employee's protected activity and her employer's adverse action is a common and often probative form of evidence of retaliation."). As the Supreme Court has explained, "cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (quoting *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001)) (citing cases finding three- and four-month periods insufficient to demonstrate a causal connection); *see also McCormick v. District of Columbia*, 752 F.3d 980, 986 (D.C. Cir. 2014) ("'no temporal proximity'" sufficient for finding of causation where there was ten-month gap between protected activity and alleged adverse employment actions); *Payne v. D.C. Gov't*, 722 F.3d 345, 354 (D.C. Cir. 2013) ("Once the time between a protected disclosure and a negative employment action has stretched to two-thirds of a year, there is no temporal proximity . . . ." (internal quotation marks omitted)); *Taylor v. Solis*, 571 F.3d 1313, 1322 (D.C. Cir. 2009) (no

inference of retaliatory motive possible when two and a half months passed between the exercise of Title VII rights and adverse employment action); *Robinson v. Ergo Solutions, LLC*, 85 F. Supp. 3d 275, 282 (D.D.C. 2015) (noting "the five-month period in this case occupies a gray area"); *McIntyre v. Peters*, 460 F. Supp. 2d 125, 133 (D.D.C. 2006) ("This Court has often followed a three-month rule to establish causation on the basis of temporal proximity alone."); *Brodetski v. Duffey*, 199 F.R.D. 14, 20 (D.D.C. 2001) ("Although courts have not established the maximum time lapse between protected Title VII activity and alleged retaliatory actions for establishing a causal connection, courts generally have accepted time periods of a few days up to a few months and seldom have accepted time lapses outside of a year in length.").

In this case, a lapse in time of fifteen months—a period five times the length of the general three-month standard for establishing causality and longer than the gaps deemed by the D.C. Circuit to be untenable to support causality in *McCormick, Payne,* and *Taylor*—separates the plaintiff's protected activity in August 2012, of which the defendant was aware, and the alleged retaliation during the period from November 2013 to April 2014.

Where, however, the adverse action is a failure to promote, which opportunity for retaliation necessarily only presents itself once a plaintiff seeks a promotion, an inference of causality might in some circumstances be supported by a lengthy lapse in time. For example, in *Hayes v. Shalala*, 902 F. Supp. 259 (D.D.C. 1995), a three-year period was sufficient to support an inference of causality where the plaintiff alleged that "this was the first time he was vulnerable to retaliation" and the individual responsible for the plaintiff's non-promotion was the same individual responsible for administering a settlement received by the plaintiff in an earlier discrimination suit. *Id.* at 264. Here, however, the plaintiff has not alleged he was not vulnerable to retaliation in the period between August 2012 and November 2013, nor has he

pleaded additional facts suggesting that the defendant's delay in promoting the plaintiff was motivated by retaliatory animus. Consequently, the plaintiff in this case has failed to plead facts establishing causality.

## IV.   CONCLUSION

For the reasons set forth above, the Court grants the defendant's motion to dismiss, ECF No. 11, and denies the plaintiff's motion to amend, ECF 14. Having considered the allegations in the plaintiff's Proposed Amended Complaint, permitting its filing would be futile. The Clerk of the United States District Court for the District of Columbia is directed to close this case.

An appropriate Order accompanies this Memorandum Opinion.

Date:   December 13, 2016

_____
BERYL A. HOWELL
Chief Judge